**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **ABELARDO LUNA,**<br><br>**Petitioner,**<br><br>**v.**<br><br>**SECRETARY OF DHS MARKWAYNE MULLIN, et al.,**<br><br>**Respondents.** | **Civil Action No. 26-1535 (MCA)**<br><br>**MEMORANDUM & ORDER** |

This matter comes before the Court on an Amended Petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241, in which Petitioner challenges his detention by immigration authorities. (ECF No. 12.) For the reasons explained in this Memorandum & Order, the Petition is denied without prejudice to Petitioner's filing of a new Petition should Respondents fail to remove him.

## I. RELEVANT BACKGROUND AND PROCEDURAL HISTORY

Petitioner is a citizen of Mexico and was detained by Immigration and Customs Enforcement ("ICE") on February 17, 2026. (ECF No. 1, Petition at ¶ 1.) The parties agree that Petitioner has an in-absentia order of removal dating back to November 5, 2004. In his Amended Petition, however, Petitioner contends that he voluntarily departed the United States on October 29, 2004 and sent a notarized letter advising the Immigration Court of his departure, but the Immigration Court still entered an in absentia order of removal on November 4, 2004. (*See* ECF No. 12, Amended Pet. at ¶¶ 19-22.) Petitioner subsequently reentered the United States and resided with his partner and three United States citizen children prior to his detention. (*Id.* at ¶ 23.)

The initial Petition, filed by different counsel, did not disclose Petitioner's removal order and asserted that he was unlawfully detained under 8 U.S.C. § 1225(b)(2). (ECF No. 1.) Following Respondents' answer, which asserted that Petitioner had a final order of removal and was detained under § 1231, he filed an Amended Petition through new counsel. (ECF No. 12.)

## II. <u>DISCUSSION</u>

The Constitution guarantees that the writ of habeas corpus is available to every individual detained within the United States. *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. Art. I, § 9, cl. 2). District courts have the power to grant writs of habeas corpus. 28 U.S.C. § 2241(a). A district court's authority includes jurisdiction to hear habeas challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The burden is on petitioner to show that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

In his brief supporting the Amended Petition, Petitioner argues that he is not subject to detention under § 1231,[1] and, even if he is, his removal is not reasonably foreseeable due to a pending motion to reopen his *in absentia* removal order.[2] (ECF No. 12-2.) This Court previously found that Petitioner is detained under Section 1231(a) because he has a final order of removal. (*See* ECF No. 15.) Petitioner's *in absentia* removal order is, by statute, a final order of removal.

---

[1] To the extent Petitioner challenges his *in abstentia* removal order, this Court lacks jurisdiction over that issue. *See Khalil v. President, United States*, 164 F.4th 259, 281 (3d Cir. 2026) (Because [petitioner] raises legal questions that a PFR court can meaningfully review later on, the INA bars him from attacking his detention and removal in a habeas petition); 8 U.S.C. § 1252(g) ("except as provided in this section. . . no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders").

[2] Petitioner also has a pending Petition for U Nonimmigrant Status (Form I-918), filed in June 2021 and a Form I-130, Petition for Alien Relative, filed by his United States citizen father. (Amended Pet. at ¶ 18.) Petitioner does not argue that these pending applications prevent his removal.

*See* 8 U.S.C. § 1229a(b)(5); *Matter of Guzman*, 22 I. & N. Dec. 722, 722-23 (BIA 1999). That Petitioner filed a motion to reopen proceedings does not alter this Court's analysis. *See* 8 C.F.R. § 241.4 (explaining that a noncitizen "who has filed a motion to reopen immigration proceedings for consideration of relief from removal . . . shall remain subject to the provisions of this section unless the motion to reopen is granted). Nor does an administrative stay of removal change Petitioner's detention status. Under 8 U.S.C. § 1231(a)(1)(B)(ii), the removal period restarts "[i]f the removal order is judicially reviewed and if a court orders a stay of the removal[.]" But that provision requires a judicial stay. *See Benavidez Maldonado v. Soto*, 2026 WL 1146114, at *1 (D.N.J. Apr. 28, 2026) (explaining that a stay of removal entered by an immigration judge not an Article III court does not amount to a judicial stay under § 1231(a)(1)(B)(ii)); *Rodriguez-Guardado v. Smith*, 271 F. Supp. 3d 331, 333–34 & n. 3 (D. Mass. 2017) (noting that stays of removal issued by immigration officials are not "judicial review" as contemplated by § 1231(a)(1)(B)(ii))). For these reasons, the Court finds that Petitioner has been detained under Section 1231 since his arrest on February 17, 2026, and is not entitled to a bond hearing under § 1226(a), which applies to those noncitizens without final orders of removal.

In his motion to expedite proceedings (ECF No. 16), Petitioner argues that his detention has now exceeded six months, which is the presumptively reasonable period of civil detention under *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). Petitioner further argues that he cannot be removed because his motion to reopen the 2004 in absentia removal order stays his removal, 8 U.S.C. § 1229a(b)(5)(C), and the immigration court has not yet ruled. (ECF No. 16 at 2.)

The Court directed Respondents to file a response to Petitioner's motion to expedite and show cause why the Court should not direct them to release Petitioner on an order of supervision. The Court required Respondents to address whether Petitioner's detention had become

unreasonably prolonged under *Zadvydas*, including whether a stay of removal is in place, a specific timeline for adjudicating Petitioner's motion to reopen, and whether he can be removed in the reasonably foreseeable future. (ECF No. 17.)

In their response, Respondents contend that there is no record of Petitioner's motion to reopen, and that "the only impediment to Petitioner's removal is the District Court's injunction on removal." (ECF No. 18-1, Declaration of Michael McMahon at ¶ 4), which is an incorrect characterization of the limited nature of the stay of transfer order entered by this Court. The Court temporarily stayed Petitioner's transfer from this District while this case is pending. (ECF No. 5.) As they have done in other cases, Respondents were free to request that the Court lift that stay of transfer if they could provide proof that his removal was imminent. The Court rejects Respondents' claim that the stay order has prevented Respondents from taking concrete steps to remove Petitioner.

Nevertheless, the Court is constrained to deny relief because Petitioner cannot meet the standard under *Zadvydas* to show that his removal is not reasonably foreseeable. Although the Immigration and Nationality Act ("INA") does not set a limit on how long detention in the "post-removal-period" can last, *see Johnson v. Arteaga-Martinez*, 596 U.S. 573, 579 (2022), the Supreme Court has held that the government may only detain noncitizens in the post-removal-period for the time "reasonably necessary to bring about that [noncitizen's] removal from the United States." *Zadvydas*, 533 U.S. at 689. Under *Zadvydas*, a six-month period of detention is "presumptively reasonable." *Id.* at 701. "After this 6-month period, once the [noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* The Court noted that "for detention to remain reasonable, as the period of prior postremoval

confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink" but also emphasized that "[t]his 6–month presumption, of course, does not mean that every alien not removed must be released after six months." *Id.*

Here, Petitioner's argument that his removal is not reasonably foreseeable is premised on his pending motion to reopen his *in absentia* removal order, which automatically stayed his removal. *See* 8 U.S.C. § 1229a(b)(5)(C). As it turns out, Petitioner's motion to reopen was not docketed with the Immigration Court due to an error, and Petitioner's counsel refiled it on September 2, 2026. (*See* ECF No. 21.) But the Immigration Court denied it on September 9, 2026, thus dissolving the stay of removal. (*See* ECF No. 22 at Exhibit A.) Therefore, Petitioner has not provided good reason to believe that his removal to Mexico is not reasonably foreseeable. The Court denies the Petition without prejudice to his filing of a new Petition should Respondents fail to remove him in a timely manner.

**IT IS**, on this 2nd day of October, 2026;

**ORDERED** that the Amended Petition (ECF No. 12) is DENIED WITHOUT PREJUDICE to Petitioner's filing of a new Petition should Respondents fail to remove him; and it is further

**ORDERED** that the stay of transfer entered at ECF No. 5 is LIFTED; and it is further

**ORDERED** that the Motion to Expedite (ECF No. 16) is dismissed in light of the denial of the Petition; and it is further

**ORDERED** that the Clerk of the Court shall mark this matter as CLOSED.

***s/ Madeline Cox Arleo***
**MADELINE COX ARLEO**
**United States District Judge**